IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No. _____

| | |
|---|---|
| RALPH ROBERTSON, Jr., PAUL PIJACKI on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DSE, INC. and AMTEC DEFENSE CORPORATION <br><br> Defendants. | CLASS ACTION |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Ralph Robertson, Jr. and Paul Pijacki ("Plaintiffs") on behalf of themselves and all others similarly situated file this Complaint under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.* (the "WARN Act") for recovery of sixty (60) days of pay and other benefits.

Defendant DSE, Inc. ("DSE") failed to give the proper and required notice before laying off more than one hundred employees at DSE's facility located at 5201 S. Westshore Blvd., Tampa, Florida 33611 (the "Facility").

### JURISDICTION, VENUE AND PARTIES

1) This Court has jurisdiction over this Complaint under 28 U.S.C. §1331 (Federal Question) and 29 U.S.C. §2104(a)(5).

2) Venue is proper in this Court under 29 U.S.C. §2104(a)(5) because the facility is located in

1

and DSE transacts business in this jurisdiction.

3) Plaintiff Ralph Robertson, Jr. is a resident of Florida and was employed by DSE at the Facility until he was indefinitely furloughed beginning February 26, 2013 and ultimately terminated on or about May 31, 2013 without the required sixty (60) days notice or payment of the remuneration owed to him by DSE.

4) Plaintiff Paul Pijacki is a resident of Florida and was employed by DSE at the Facility until he was indefinitely furloughed beginning February 26, 2013 and ultimately terminated on or about May 31, 2013 without the required sixty (60) days notice or payment of the remuneration owed to him by DSE.

5) Defendant DSE is and was at all material times relevant to this action, a Florida Corporation and maintained its headquarters at the Facility.

6) At all relevant times DSE employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at the Facility.

7) At all relevant times, DSE was an "employer" as that term is defined by 29 U.S.C. §2101(a)(1) and 20 C.F.R. §693.3(a).

8) Upon information and belief DSE had authority to terminate the employees at the Facility.

9) At all relevant times, Plaintiffs and the Class (as defined below) were "employees" of DSE as that term is used in 29 U.S.C. §2101.

10) On or about May 23, 2013, DSE ordered a "mass layoff" or "plant closing" at the Facility as those terms are defined by the WARN Act.

11) Defendant AMTEC DEFENSE CORPORATION is a Wisconsin corporation registered

2

in the State of Florida that, upon information and belief, purchased all assets and liabilities of DSE, on or about July 1, 2013.

12) Pursuant to 29 U.S.C. §2105(a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee at the Facility. Each member of the Class (as defined below) are similarly situated to the Plaintiffs with respect to his or her rights under the WARN Act.

## RELEVANT FACTS

13) Plaintiffs and all members of the Class (as defined below) are all former employees of DSE as that term is used in 29 U.S.C. §2104(a)(5).

14) Plaintiffs and the Class worked at the Facility and were indefinitely furloughed on February 26, 2013 and ultimately terminated without cause on May 31, 2013.

15) The WARN Act required DSE to give the Plaintiffs and the Class at least sixty (60) days advance written notice prior to their terminations.

16) Prior to their terminations, the Plaintiffs and the Class never received written notice that complied with the requirements of the WARN Act.

17) DSE never sent, served, or filed the written notice to local and/or state officials required by 29 U.S.C. §2102(a)(2).

18) DSE failed to pay the Plaintiffs and the Class their respective wages, salary, commissions, bonuses, accrued leave time and/or PTO for the sixty (60) days following their respective terminations and failed to make all required contributions needed to fund the fringe benefits enjoyed by Plaintiffs.

19) DSE had no business circumstances that it could not reasonably foresee would cause the mass termination of the employees on May 31.

20) No facts exist otherwise to support or warrant a reduction of the sixty (60) day notice period provided for under 29 U.S.C. §2102(b).

## CLASS ACTION ALLEGATIONS UNDER RULES 23(a) and (b)

21) Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of other similarly situated employees who worked at or reported to the Facility and were terminated as part of a mass layoff or plant closing ordered by DSE at the Facility on or about May 23, 2013 (the "Class").

22) The persons in the Class ("Class Members") are so numerous that joinder of all Class Members is impracticable.

23) There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

24) Questions of law and fact common to the Class include, but are not limited to, the following:

1. Whether DSE is an "employer" as that term is used in the WARN Act;
2. Whether DSE performed a "mass layoff" or "plant closing" as those terms are used in the WARN Act;
3. Whether DSE failed to provide the sixty-days (60) notice required by the WARN Act;
4. Whether DSE was properly excused from providing sixty (60) days notice under any applicable exception set forth in the WARN Act; and
5. Whether DSE failed to pay the Plaintiffs and the Class their respective wages, salary, commissions, bonuses, accrued leave and/or PTO for the sixty (60) days following their respective terminations.

25) The claims of the representative party are typical of the claims of the Class.

26) The representative party will fairly and adequately protect the interests of the class.

27) Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

28) A class action is superior to other available methods for the fair and efficient adjudication

of this controversy – particularly in the context of WARN Act litigation, where individual employees may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

## CLAIM FOR RELIEF

29) Plaintiffs restate each claim, assertion, and allegation set forth in Paragraphs 1 through 28 of this Complaint above.

30) Plaintiffs and the Class Members who were terminated by DSE as a result of DSE ordering a mass layoff or plant closing at the Facility on or about May 31, 2013 are "affected employees" as defined by 29 U.S.C. §2101(a)(5).

31) Plaintiffs and each of the Class Members are "aggrieved employees" of DSE as that term is defined in 29 U.S.C. §2104(a)(7).

32) Pursuant to 29 U.S.C. §2102 and 20 C.F.R. §§639.1-10, *et seq.*, DSE was required to provide at least sixty (60) days prior, written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

33) DSE failed to provide at least sixty (60) days prior notice to Plaintiffs, Class Members, and to local and state officials, of their terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by 29 U.S.C. §2102(a)(2).

34) DSE failed to pay Plaintiffs and each Class Member their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective terminations and failed to make contributions, provide other employee benefits, and pay their medical expenses (collectively the "Wages and

Benefits") for sixty (60) calendar days from and after the dates of their respective terminations.

35) As a result of DSE's failure to pay the Wages and Benefits, the aggrieved employees were damaged in an amount equal to the sum of the Class Members Wages and Benefits which would have been received and paid for a period of sixty (60) calendar days after the date of the Class Members' termination.

WHEREFORE, the Plaintiffs and the Class Members demand judgment against both Defendants as follows:

1. An amount equal to the sum of all unpaid Wages and Benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;
2. Certification that, pursuant to Fed. R. Civ. P. 23(a) and (b) and the WARN Act, Plaintiffs and the Class Members constitute a single class;
3. Interest as allowed by law on the amounts owed under the preceding paragraphs;
4. Appointment of the undersigned attorneys as class counsel;
5. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such;
6. Reasonable attorneys' fees and the costs Plaintiff incurs in prosecuting this action, as authorized by 29 U.S.C. §2104(a)(6);
7. Any other and further relief as this Court may deem just and proper; and
8. Trial by jury.

This 24th day of July, 2013.

Respectfully submitted,

BY: _____
D. MARCUS BRASWELL, JR.
**Trial Counsel**
**Fla. Bar No. 146160**
**SUGARMAN & SUSSKIND, P.A.**
**Attorneys for the Plaintiffs**
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel.:  (305) 529-2801
Fax:  (305) 447-8115
mbraswell@sugarmansusskind.com