## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between DSE, INC., all of its predecessors, successors, assigns and affiliates (the "Defendant"), AMTEC Corporation d/b/a Amtec Defense Corporation and its directors, officers, attorneys, agents, and assigns ("Amtec") and RALPH ROBERTSON and PAUL PIJACKI (the "Named Plaintiffs" and/or "Class Representatives"), on behalf of themselves and on behalf of the individuals named on Schedule 1 hereto (the "Class"). The Defendant, Amtec, and the Class will collectively be referred to hereafter as the "Parties".

This Settlement Agreement is made with respect to the following recitals:

A. On or about July 26, 2013, the Named Plaintiffs filed a Complaint, entitled Ralph Robertson and Paul Pijacki, on behalf of themselves and all others similarly situated, v. DSE, Inc. and AMTEC Defense Corporation, Case No. 8:13-CV-01931-MSS-AEP (the "WARN Act Litigation") in the United States District Court for the Middle District of Florida (the "Court") asserting a claim under the WARN Act on behalf of themselves and on behalf of the Class;

B. The Named Plaintiffs, former employees of the Defendant, claim that they and the other former employees were separated from their employment at the Defendant DSE, Inc.'s facility located at 5201 S. Westshore Boulevard, Tampa, Florida and the facility located at 859 Victory Trail Road, Gaffney, South Carolina (collectively, the "Facility") on or about May 31, 2013 without receiving 60 days' written notice of their terminations as required by the WARN Act;

C. Defendant asserts numerous defenses to the WARN Act Litigation, including but not limited to: 1) Defendant was excused from providing sixty days advance written notice under various exceptions; 2) Defendant acted in good faith in not issuing WARN notices sixty days prior to the layoffs, and 3) the WARN Act was not violated in this case;

D. Class Counsel named Amtec as a defendant in the WARN Act Litigation based on the assumption that Amtec had purchased Defendant, when in fact Amtec merely had a preliminary agreement to purchase assets from Defendant, which specifically excluded liabilities including, but not limited to, WARN Act liabilities. Therefore, Amtec claims that there is no legitimate basis upon which to assert liability against it under the WARN Act or otherwise;

E. The Parties disagree as to whether Defendant and Amtec have any obligation or liability under the WARN Act with respect to the claims asserted in the Complaint. Specifically, the Parties disagree as to whether Defendant met the requirements of the "unforeseen business circumstances" statutory exception to liability under the WARN Act, whether Defendant acted in good faith in not issuing WARN notices sixty days prior to the layoffs, whether the WARN Act was violated, and whether Amtec has any legal or contractual obligations under the WARN Act to Class Members;

F. The Parties exchanged preliminary discovery and documents, and scheduled mediation in this case for October 29, 2013. As part of the mediation preparation, the Parties began a discussion as to what each Party viewed as its respective strengths and weaknesses. As a result of these discussions that have occurred over the past four weeks, the Parties have agreed to enter into this Settlement Agreement;

1

G.   The WARN Act, § 29 U.S.C. 2104(a)(6) provides that attorneys fees may be awarded to the prevailing party in a WARN action;

H.   The Named Plaintiffs support the settlement of the WARN Act Litigation pursuant to the terms of this Settlement Agreement;

I.   Class Counsel negotiated a sum representing attorneys' fees and costs of $300,000, which is a part of the Settlement Amount described below;

J.   Class Counsel asserts that but for the legal services they provided, the Class would not have had any recovery on their WARN Act claims; and

K.   The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, related to the Class Members' separation from their employment at the Facility, and arising from the WARN Act Litigation, as described below.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.   Pursuant to the terms of this Settlement Agreement, Defendant shall pay a total sum of $1,050,000.00 (the "Settlement Amount") by the later of (i) 10 days following the entry of an order from the Court approving this Settlement Agreement and dismissing Amtec with prejudice from the WARN Act Litigation (the "Final Approval Order") or (ii) the closing of the Asset Purchase Agreement (defined below) and escrowing of the Settlement Amount as described below. The Settlement Amount shall be distributed to the Class and to Class Counsel pursuant to the terms set forth herein. The Settlement Amount includes the attorneys' fees and costs contained in recital "I" above, as well as all costs associated with the administration and consummation of this settlement.

2.   Pursuant to the Asset Purchase Agreement dated July 1, 2013, as amended to date and as hereafter amended from time to time (the "Asset Purchase Agreement") among Amtec, Defendant, and certain affiliates of Defendant, and upon closing of the transactions contemplated by the Asset Purchase Agreement (the "Transactions"), Amtec shall escrow the Settlement Amount from the purchase price paid by it to Defendant pursuant to the Asset Purchase Agreement. Except as explicitly provided in this section, nothing in this Settlement Agreement is meant to alter or otherwise change the obligations set forth in the Asset Purchase Agreement. If the Transactions are not consummated, Amtec has no obligation whatsoever to pay all or any portion of the Settlement Amount or any other amount to any Party or any other obligations under this Settlement Agreement.

3.   Based on the information available, the Defendant hereby represents and warrants that a true and complete listing of the Class members ("Class Members"), including the Named Plaintiffs, is attached hereto as Schedule 1. The Defendant believes that the Class constitutes all of the employees encompassed by the Class. The Class Members identified on Schedule 1 are divided into two groups ("Settlement Subclass A" and "Settlement Subclass B"). Settlement

Subclass A consists of the individuals who did not sign a release of claims. Settlement Subclass B shall consist of all other Class Members. The Class Representatives shall have, in addition to the claim provided herein, an additional claim in the sum of $2,500 each in payment for the service each provided to the Class in connection with the prosecution of the WARN Act Litigation (the "Service Payment.").

4. The Class (including the Class Representatives) listed on Schedule 1 hereto shall have claims against DSE, Inc., in the amounts shown on Schedule 1 to be paid from the Settlement Amount. Distribution of funds shall be completed by DSE by the later of (i) 10 days following the entry of the Final Approval Order or (ii) the closing of the Asset Purchase Agreement and escrowing of the Settlement Amount as described above, (i.e., the "Initial Distribution Date") and shall be made in accordance with the net claim amounts set forth on Schedule 1, minus normal employee payroll withholdings. Class Counsel shall simultaneously be entitled to receive their above-referenced attorneys' fees (via wire transfer according to instructions provided to Defendant's counsel by Class Counsel) in the sum of $300,000 or in whatever lesser amount the Court shall award as part of its Final Approval Order. Forms W-2 will be distributed by Defendant to each Class member and a Form 1099 will be issued for the attorneys' fees. The percentages attributable to the members of each subclass are based on the strength of the claims of the respective subclasses. The calculations of each Class Member's pro rata share is based upon his or her final wage and benefits rates as set forth in the Defendant's books and records and are conclusive in that respect.

5. Except for the rights arising out of, provided for, or reserved in this Settlement Agreement, the Class, for and on behalf of themselves, and their respective predecessors, successors and assigns (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Defendant and Amtec and all of their respective predecessors, heirs, trustees, representatives, successors, assigns and affiliates, and their respective directors, officers, agents, shareholders, members, representatives and attorneys (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have against the Released Parties, which were or could have been asserted in the Complaint in this case. The claims released hereunder are referred to herein as the "Released Claims." In order to receive any settlement amounts under this Settlement Agreement, each Class Member must endorse their respective settlement check that will contain, on the back, the following language: "By endorsing this check, I hereby release all claims asserted in or which could have been asserted in the lawsuit captioned *Ralph Robertson and Paul Pijacki on behalf of themselves and all others similarly situated v. DSE, Inc. et al*, No. 8:13-CV-01931-MSS-AEP, pending before the United States District Court for the Middle District of Florida."

6. Defendant further agrees to provide the following documents to counsel for the Named Plaintiffs ("Class Counsel") within five (5) days of executing this Settlement Agreement, such documents shall be subject to the terms of the protective order entered by the Court on September 5, 2013:

3

    a. Copies of release agreements signed by Class Members that were procured by the Defendant after the filing of the WARN Act Litigation (the "Class Release Agreements"); and

    b. Pay records for the employees working at 859 Victory Trail Road, Gaffney, South Carolina.

7. Defendant further agrees, that if the Settlement Amount is escrowed with the "Escrow Agent" (as defined in the Asset Purchase Agreement) pursuant to the Escrow Agreement referenced in the Asset Purchase Agreement, to provide an executed copy of the Escrow Agreement and all amendments thereto to Class Counsel within five (5) days after the parties to that Escrow Agreement execute it.

8. The Settlement Amount is in addition to any amounts owed by the Defendant pursuant to the Class Release Agreements and nothing in this Settlement Agreement is meant to alter or change the amounts due and owing by the Defendant pursuant to the Class Release Agreements. Further Defendant remains obligated to pay amounts due and owing by the Defendant pursuant to the Class Release Agreements, and Defendant acknowledges that notwithstanding the Class Release Agreements that Class Members may participate in the settlement of the WARN Act Litigation pursuant to the terms of this Settlement Agreement. Defendant further acknowledges and agrees that these payment obligations are those of the Defendant and the Defendant alone. Amtec is under no obligation whatsoever to make any payments to the Class Members under any circumstances.

9. Approval of this Settlement Agreement by the Court, combined with performance of the obligations specifically set forth in this Settlement Agreement, shall operate as a full release of the Released Parties by the Releasing Parties, including the Named Plaintiffs and each Class member of all Released Claims under the WARN Act and claims for PTO benefits. Upon occurrence of Court approval, and full payment of the Settlement Amount, as described in this Settlement Agreement, all Released Claims under the WARN Act are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

10. The Parties shall cooperate to cause a joint motion to be filed with the Court for an order approving this Settlement Agreement including the dismissal with prejudice of Amtec as provided herein ("Settlement Motion") as soon as practical and Class Counsel shall thereafter give a Court-approved notice of the Settlement Motion to all Class Members.

11. The Parties remaining in the WARN Act Litigation shall execute a dismissal of Defendant with prejudice of the WARN Act Litigation upon the occurrence of both Court approval of this Settlement Agreement and full satisfaction of the payments described in this Settlement Agreement. Class Counsel shall file the same with the Court at that time. The Parties agree that the Court shall retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

12. All notices and disbursements to the Class Members will be made to their last known addresses as contained in the Defendant's books and records unless otherwise updated through Class Counsel's search of a national address database or as instructed by the Class

4

Member. All such notices and disbursements shall bear the return address of Branstetter, Stranch & Jennings, PLLC, 227 Second Avenue North, Nashville, TN 37201 or Sugarman & Susskind, P.A., 100 Miracle Mile, Suite 300, Coral Gables, FL 33134.

13. If a distribution is returned as undeliverable, Class Counsel shall then seek to obtain a correct address for such person. Defendant agrees to cooperate with and assist Class Counsel for this purpose. Should no forwarding address be located for such Class Member, or should any funds remained unclaimed[1] on the 180th day from the Initial Distribution Date, the unclaimed/returned funds shall be disbursed upon the 181st day from the Initial Distribution Date to Class Counsel by Defendant (i.e., the "Residual Funds"). Said Residual Funds shall be forwarded to The Impact Fund, a non-profit organization dedicated to employee rights. No portion of the Residual Funds will revert to Defendant.

14. The Parties agree that they are compromising and settling disputed litigation. Except as otherwise agreed by Defendant and Amtec in the Asset Purchase Agreement as between the Defendant and Amtec, each of the Parties shall bear their own attorney's fees, expenses, and court costs. Each of the Parties agrees it shall not commence or continue any lawsuit that is inconsistent with any provision of this Settlement Agreement.

15. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Order approving this Settlement Agreement by the Court for the purpose of enforcing the terms of this Settlement Agreement.

16. This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

17. This Settlement Agreement shall be construed pursuant to the laws of the State of Florida.

18. This Settlement Agreement and the Schedules hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersede all previous agreements and discussions between the Parties as to the matters herein addressed (other than the Asset Purchase Agreement and related Transaction documents, as between Amtec and Defendant). This Settlement Agreement can be amended or modified only in a writing that is signed by all the Parties hereto, subject to any necessary Court or other approval.

19. This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

---

[1] Defendant agrees to provide Class Counsel with the following information upon the 60th, 120th and 180th dates from the Initial Distribution Date: names and social security numbers of Class Members whose checks remain uncashed. Defendant agrees to promptly cooperate with Class Counsel should Class Counsel ask Defendant for stop payments or re-issuances of disbursement checks to any Class Member.

20. This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

21. **Nothing in this Settlement Agreement requires or should be construed to require Amtec to close the Transactions.** This Settlement Agreement is subject to and contingent upon the approval by the Court. If the Final Approval Order is not entered by the Court or the Transactions are not consummated, this Settlement Agreement shall be null and void, and the parties shall be restored to the status quo ante.

22. If, after the execution hereof, it should prove necessary and proper to execute any additional documents or to take further action to effectuate the intent of this Settlement Agreement, the Parties agree to take such action.

**SIGNATURES ON FOLLOWING PAGE**

6

Effective Date: October____, 2013

BY: _____

D. MARCUS BRASWELL, JR.
Fla. Bar No. 146160
**SUGARMAN & SUSSKIND, P.A.**
**Attorneys for the Plaintiffs**
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel.: (305) 529-2801
Fax: (305) 447-8115
mbraswell@sugarmansusskind.com

_____

J. Gerard Stranch, IV, #023045 (TN)
Benjamin A. Gastel, #028699 (TN)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
(615) 254-8801
gstranch@branstetterlaw.com
bgastel@branstetterlaw.com

*Attorneys for Plaintiffs, Ralph Robertson, Jr., Paul Pijacki, and Class Members*

_____
Scott T. Silverman
Florida Bar No. 012709
**AKERMAN SENTERFITT**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813-228-7333
Fax: 813-223-2837
scott.silverman@akerman.com

*Attorneys for Defendant, DSE, Inc.*

_____

Paul E. Benson
Wisconsin Bar No. 1001457
**Michael Best & Friedrich, LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
Phone: 414-271-6560
Fax: 414-277-0656
pebenson@michaelbest.com

*Attorney for Amtec Corporation*

7

Effective Date: October 24, 2013

BY: _____
D. MARCUS BRASWELL, JR.
Fla. Bar No. 146160
SUGARMAN & SUSSKIND, P.A.
Attorneys for the Plaintiffs
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel.: (305) 529-2801
Fax: (305) 447-8115
mbraswell@sugarmansusskind.com

_____
J. Gerard Stranch, IV, #023045 (TN)
Benjamin A. Gastel, #028699 (TN)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
(615) 254-8801
gstranch@branstetterlaw.com
bgastel@branstetterlaw.com

*Attorneys for Plaintiffs, Ralph Robertson, Jr., Paul Pijacki, and Class Members*

_____
Scott T. Silverman
Florida Bar No. 012709
AKERMAN SENTERFITT
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813-228-7333
Fax: 813-223-2837
scott.silverman@akerman.com

*Attorneys for Defendant, DSE, Inc.*

_____
Paul E. Benson
Wisconsin Bar No. 1001457
**Michael Best & Friedrich, LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
Phone: 414-271-6560
Fax: 414-277-0656
pebenson@michaelbest.com

*Attorney for Amtec Corporation*

7

Effective Date: October 24, 2013

BY: _____
D. MARCUS BRASWELL, JR.
Fla. Bar No. 146160
**SUGARMAN & SUSSKIND, P.A.**
**Attorneys for the Plaintiffs**
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel.: (305) 529-2801
Fax: (305) 447-8115
mbraswell@sugarmansusskind.com

_____
J. Gerard Stranch, IV, #023045 (TN)
Benjamin A. Gastel, #028699 (TN)
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
(615) 254-8801
gstranch@branstetterlaw.com
bgastel@branstetterlaw.com

*Attorneys for Plaintiffs, Ralph Robertson, Jr., Paul Pijacki, and Class Members*

_____
Scott T. Silverman
Florida Bar No. 012709
**AKERMAN SENTERFITT**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813-228-7333
Fax: 813-223-2837
scott.silverman@akerman.com

*Attorneys for Defendant, DSE, Inc.*

_____
Paul E. Benson
Wisconsin Bar No. 1001457
**Michael Best & Friedrich, LLP**
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
Phone: 414-271-6560
Fax: 414-277-0656
pebenson@michaelbest.com

*Attorney for Amtec Corporation*

7

Exhibit A to
Settlement Agreement

Subclass A

| Class Member Name | Maximum Theoretical WARN Claim | PTO Claim | Amount Owed Under Settlement |
|---|---|---|---|
| Adams, Raymond | | | |
| Burkhart, Stephen | | | |
| Castillo, Marisol | | | |
| Dickens, Jennifer | | | |
| Dulzaides, Felix | | | |
| Ferguson, John | | | |
| Garrett, Patte | | | |
| Gonzales-Timmer, Marlene | | | |
| Gonzalez, Miguel | | | |
| Henley, Victor | | | |
| Homer, Linda | | | |
| Khamphoumy, Phetsamone | | | |
| Kim, Yong | | | |
| Lukyanov, Ivan | | | |
| Luong, Sang | | | |
| Manzano, Flor | | | |
| Pettis, Virginia | | | |
| Pijacki, Paul | | | |
| Robertson, Ralph | | | |
| Salem, Joseph | | | |
| Sloan, Andrea | | | |
| Smith, Karen | | | |
| Stella, Leslie | | | |
| Suedan, Graciela | Redacted | | |
| Tran, Ha | | | |
| Aitken, Susan | | | |
| Bohon, Charles | | | |
| Bowling, Robert | | | |
| Brown, Jacqueline | | | |
| Burgess, Jonathan | | | |
| Bynum, Tammy | | | |
| Caddell, Randall | | | |
| Davidson, Bryant | | | |
| Davis, Barbara | | | |
| Davis, Lacey | | | |
| Dodd, Deidre | | | |
| Hammer, Doug | | | |
| Haney, Shanteryl | | | |
| Hines, Tonya | | | |
| Honeycutt, Daryl | | | |
| Ledford, Michael | | | |
| Lipscomb, Kenneth | | | |
| Patterson, Sheila | | | |
| Pirkey, James | | | |
| Pollvogt, Tina | | | |
| Putnam, Robbie | | | |
| Ramsey, Morris | | | |
| Reid, Kourtney | | | |
| Robertson, Roy | | | |
| **Grand Total** | | | **$ 326,369.56** |

Exhibit A to
Settlement Agreement

Subclass B

| Class Member Name | Maximum Theoretical WARN Claim | Prorata Share of WARN Claim | Amount Due Under Settlement | |
|---|---|---|---|---|
| Baker, David | | | | |
| Davis, Nicholas D | | | | |
| Clary, Ben | | | | |
| Addison, Jeffrey | | | | |
| Allen, Kiara | | | | |
| Baxter, James O | | | | |
| Benton, Debra H | | | | |
| Blanton, Michael | | | | |
| Bonner, Daffney | | | | |
| Byars, Michelle D | | | | |
| Andrews, Samuel M | | | | |
| Ballard, Martha | | | | |
| Black, James | | | | |
| Brown, Linda | | | | |
| Canoutas, Troy | | | | |
| Horchler, Carrie R | | | | |
| Gordon, Matthew | | | | |
| Hollis, Yvonne | | | | |
| Goode, William T | | | | |
| Earls, Marlinton Tyrone | | | | |
| Evans, Stanley W | | | | |
| Farr, Samantha E | | | | |
| Gregg, Vanessa D | | | | |
| Guyton, Mary A. | | | | |
| Hollis, Jerica M | | | | |
| Jefferies, Chrisie J | | | | |
| Jones, Kimberly | | | | |
| Kozlowski, Thomas A | | | | |
| Ledford, Kevin | | | | |
| Dobrzeniecki, Alan | | | | |
| Fuller, Walter J | | | | |
| Harrison, Chucky | | | | |
| LeCroy, Johnathan | | | | |
| Littlejohn, Brian K | | | | |
| Ray, Justin J | | | | |
| Redfear, Kathy D | | | | |
| Littlejohn, Tonita M. | | | | |
| Logan, Tayna | | | | |
| McDowell, Collossia E | | | | |
| McGill, Julia L | | | | |
| Mitchell, Dennis | | | | |
| Nance, Paige E | | | | |
| Oglesby, Christopher S. | | | | |
| Poole, Patricia | | | | |
| McDonald, Melissa K | | | | |
| McElroy, Patricia A | | | | |
| Miller, Sheila F | | | | |
| Poole, Kevin V. | | | | |
| Mathis, Alvin W. | | | | |
| Perry, Ricky | | | | |
| Palmer, Mary | | | | |
| Stanton, Jann | | | | |

Exhibit A to Settlement Agreement

Subclass B

| Class Member Name | Maximum Theoretical WARN Claim | Prorata Share of WARN Claim | Amount Due Under Settlement | |
|---|---|---|---|---|
| Triplett, Roger D | | | | |
| Wylie, Micah Lee | | | | |
| Wright, Julian Kirby | | | | |
| Sarratt, LaKendra Good | | | | |
| Surratt, Tyrone | | | | |
| Webster, Margaret | | | | |
| Simmons, Karen | | | | |
| Tate, Babylon | | | | |
| Williams, Marion Q | | | | |
| Scoggins, Douglas W | | | | |
| Edwards, Patsy | | | | |
| Gesese, Sinodos A. | | | | |
| Bucklan, Brian M | | | | |
| Gardiner, Glenn | | | | |
| Carter, Willie | | | | |
| Burke, John | | | | |
| Gilbert, Charles | | | | |
| Bergquist, Tracy | | | | |
| Burden, Dorothy | | | | |
| Chanthavong, Pong | | | | |
| Chicas, Mayerling | | | | |
| Comer, Jon M | | **Redacted** | | |
| Comfort, Marjorie Jo | | | | |
| De Arce, Francisco | | | | |
| Doan, Dung | | | | |
| Cabrera, Leonel | | | | |
| Fernandez, Cristina M | | | | |
| Guida, Federico | | | | |
| Konjanovski, Dragi | | | | |
| Granzow, Gary | | | | |
| Griepentrog, Ray | | | | |
| Hidalgo, Pedro | | | | |
| Higuera, Rosa | | | | |
| Hill, Samantha | | | | |
| Inthanamith, Don | | | | |
| Khousakoun, Tut | | | | |
| Leon, Yazneri | | | | |
| Lopacinski, Adrian | | | | |
| Lopez, Nancy | | | | |
| Hayes, Cynthia | | | | |
| Howe, Mary | | | | |
| Lloyd, Judith | | | | |
| Lozano, Gerardo | | | | |
| Nasternak, James | | | | |
| Pacheco, John | | | | |
| Normandia, Nestor | | | | |
| Ramsey, Harry J | | | | |
| Martin, Paola | | | | |
| Martinez, Ciriaca | | | | |
| McCarrick, Dan | | | | |
| McGlosson, Michael | | | | |
| Morizen, Angela | | | | |

Exhibit A to
Settlement Agreement

Subclass B

| Class Member Name | Maximum Theoretical WARN Claim | Prorata Share of WARN Claim | Amount Due Under Settlement |
|---|---|---|---|
| Negede, Hiwot | | | |
| Ngo, Dung | | | |
| Nguyen, Alex | | | |
| Nguyen, Dung | | | |
| Nguyen, Vinh | | | |
| O'Sullivan, Daniel | | | |
| Pemberton, Victoria J. | | | |
| Phimmasene, Nhome | | | |
| Pineiro, Marisella | | | |
| Lyon, Erin | | | |
| Nguyen, Lieu | | | |
| Nguyen, Mai | | | |
| Philipose, John | | | |
| Rivera, Eddie | | | |
| Rios, Angel | | | |
| Rios, Jr., Angel | | | |
| Romeu, Edelma | | | |
| Sapp, Martin | | | |
| Serret, Lazaro | | | |
| Sheehan, David | | | |
| Sisay, Biniam | | | |
| Solano, Heriberto | | | |
| Thou, Sithol | | | |
| Tinnick, Ronald P | | | |
| Torres, Silma | | | |
| Tran, Hai V | | | |
| Tran, Thach | | | |
| Rohde, Christina | | | |
| Smith, David C | | | |
| Tavares, Ana | | | |
| Redkey, Kenneth | | | |
| Unverzart, Pamela | | | |
| Villamin, Gerardo | | | |
| Villalpando, Teodoro | | | |
| White, Gene A | | | |
| Trujillo, Ana | | | |
| Van, Bo Tan | | | |
| Venereo, Oerenev | | | |
| Vilaysack, Phonethideth | | | |
| Villalpando, Jesus | | | |
| Whipple, Cynthia | | | |
| White, Pamela | | | |
| Wilder, Leisa Frias-River | | | |
| Vega-Gonzalez, Noemi | | | |
| Woldemicheal, Yeshihareg | | | |
| **Grand Total** | $ Redacted | 0 | $ 418,630.44 |