UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH ROBERTSON, Jr., *et al.*,

       Plaintiffs,

v.                                                     Case No. 8:13-cv-1931-T-AEP

DSE, INC.,

       Defendant.
_____/

**ORDER APPROVING PROPOSED SETTLEMENT AND AWARD OF ATTORNEY'S FEES AND PAYMENT OF EXPENSES**

On behalf of the Class, Plaintiffs Ralph Robertson, Jr. and Paul Pijacki ("Plaintiffs"), filed a Motion ("Settlement Motion") on January 6, 2014, for Final Approval of the Proposed Settlement and Plan of Allocation entered into with Defendant DSE, Inc. ("Defendant") (Dkt. No. 54). Also before the Court is Plaintiffs' Motion for Award of Attorney's Fees and Expenses ("Fee Motion") (Dkt. No. 55). For the following reasons, Plaintiffs' proposed Class is CERTIFIED. Plaintiffs' request for final approval (Dkt. No. 54) is GRANTED. Plaintiffs' Motion for Attorney's Fees and Expenses (Dkt. No. 55) is GRANTED. The parties' Settlement Agreement and their Plan of Allocation are APPROVED.

**I. Standard of Review**

      **A. Approval of Settlement and Certification of Class**

Under Federal Rule of Civil Procedure 23, a member of a class may bring suit on behalf of all other members if:

    (1)    the class is so numerous that joinder of all members is impracticable;
    (2)    there are questions of law or fact common to the class;
    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
    (4)    the representative parties will fairly and adequately protect the interests of the

class.

Fed. R. Civ. P. 23(a).

If these conditions are met a class action may be maintained if:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
    (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). When parties to a class action seek to settle, the Court must comply with the following procedures:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

*Id.*

### B. Attorney's Fees and Expenses

Under Rule 23(h), "[i]n a certified class action, the court may award reasonable

attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." When parties to a class action seek attorney's fees and costs, the Court must comply with the following procedures:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> (2) A class member, or a party from whom payment is sought, may object to the motion.
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h).

## II. Analysis

The Court has reviewed the record in this case, the Settlement Agreement, the Plan of Allocation, all attached exhibits, the Plaintiffs' requests for preliminary and final approval of the Settlement, the supporting memoranda, and the Declarations of D. Marcus Braswell, Jr., M. Vance McCrary, and J. Gerard Stranch, IV. There were no objections by any of the 199 members of the class for the Court to review. The Court has held a Preliminary Fairness Hearing and a Final Approval Hearing. At the Final Approval Hearing, the Court heard presentations from the Plaintiffs and the Defendant. There were no objecting Class Members. Based on its independent assessment of the record and the information presented by the parties, the Court makes the following findings and reaches the following conclusions.

### A. Class Certification

The conditions of Rule 23(a) have been satisfied. There is no dispute that the Class satisfies the numerosity, commonality, and typicality requirements. All Class Members were terminated without cause from their employment at DSE Facilities located in Tampa, Florida,

and Gaffney, South Carolina, on or about May 30, 2013.  At the time of the Final Approval Hearing, the 199 Class Members had received a Notice of Settlement noting each Member's allocation of recovery.

There is no dispute about the adequacy of the Class representatives. No party or Class Member has given the Court good cause to believe that the named Plaintiffs have not fairly and adequately protected the interests of the Class.

The conditions of Rule 23(b)(3) have also been satisfied.  The injuries of the Class Members are the same in kind, if not in degree.  The questions of law and fact common to the Class predominate over any questions affecting only individual members.  Given that the Class consists of 199 Class Members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Class is CERTIFIED as described in the Preliminary Approval Order:

All former employees of DSE, Inc. ("DSE") who worked at or reported to the facility at either 5201 South Westshore Boulevard, Tampa, Florida 33611 or 859 Victory Trail Road, Gaffney, South Carolina (collectively the "Facility") on or around May 31, 2013, without receiving 60 days' written notice of their terminations as required by the WARN Act, with the following two subclasses: (a) DSE employees that did not sign a release of claims with DSE in or around August 2013 (a "Release") and (b) DSE employees that signed a Release.

Dkt. No. 50.  None of the Class's 199 members have opted out.

### B. Sufficiency of Notice

"Rule 23 and due process only require that class members are provided notice of the terms of a settlement agreement in a manner that allows them to make a determination about whether or not the settlement serves their interests." *U.S. v. Alabama*, 271 Fed. App'x 896, 901 (11th Cir. 2008).  The Court approved the Notice submitted by Plaintiffs at the Preliminary Approval Hearing (Dkt. No. 50).  The Notice describes the nature of the class action, the

proposed settlement terms, the proposed Plan of Allocation, and the requested attorney's fees and expenses in detail. The Notice is written to be understood by non-attorneys. The Court approved the proposed methods of disseminating the Notice. At the time of the Final Approval Hearing, Class Counsel had sent 199 Notices by mail and received no objections. The Notice was sufficient and due process requirements have been met.

### C. Settlement Approval

In compliance with Rule 23(e), Plaintiffs sent Notices of Class Action, information about Requests for Exclusion to all Class Members by means reasonably calculated to give them actual notice of the pendency of the class action, and the terms of the proposed Settlement. Fed. R. Civ. P. 23(e)(1). The parties filed a Stipulation and Agreement of Settlement identifying all agreements made in connection with the proposed Settlement. *See* Fed. R. Civ. P. 23(e)(3). The Court allowed all Class Members to file written objections to the proposed Settlement and held a Final Approval Hearing at which proper objectors were entitled to appear. Fed. R. Civ. P. 23(e)(2) & (e)(5). The procedural requirements of Rule 23(a), (b), and (e) have thus been satisfied. Final approval of the proposed Settlement is warranted if the Court finds that the terms of the Settlement are fair, reasonable, and adequate.

Prior to giving final approval of the Settlement, this Court considers the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In this instance, the parties seek approval of a monetary Settlement in the amount of $750,000.00 to be distributed to the Class

and $300,000.00 to Class Counsel (creating a total common fund of $1,050,000.00). All of the *Bennett* factors support the fairness, reasonableness, and adequacy of the proposed Settlement. This dispute presented a factual scenario fraught with a number of legitimate hurdles that would have to be cleared by the Plaintiffs in order to prevail at trial. The potential recovery for the Class's WARN Act claims ranged from $0 to $1,145,938.66. The complexity and expense of the litigation resulted in considerable expense to counsel in the relatively short duration of this action. No parties have objected to the settlement. Defendant has denied all liability and prolonging litigation could adversely impact the parties' ability to settle. Counsel has conducted an extensive investigation into the merits of the claims and defenses, including interviews with Class Members, a review of pertinent documents, and legal research and analysis.

The proposed Settlement offers the Class Members a monetary recovery for their monetary loss. Based on the information presented by the parties, Class Counsel was able to negotiate a substantial monetary recovery for the Class. The distribution plan provided in Appendix A of the Settlement Agreement fairly and proportionally distributes the sum of $750,000.00 to the Class, including a $2,500 Service Payment to each named Plaintiff. The form and amount of recovery in the proposed Settlement appropriately balance the risks of litigation. All of the *Bennett* factors therefore weigh in favor of concluding that the proposed Settlement is fair, reasonable, and adequate. Plaintiffs' Motion for Final Approval is thus GRANTED. The Settlement Agreement and the Plan of Allocation are ADOPTED and APPROVED.

### D. Attorney's Fees and Expenses

In compliance with Rule 23(h), Plaintiffs filed a Motion for Award of Attorney's Fees

and Expenses (Dkt. No. 55) that conforms to the requirements of Rule 54(d)(2). Notice of the Motion was served on all parties through the Court's Electronic Filing Docket and on Class Members by mail (*see* Dkt. No. 55). The Class Members and Defendants were given an opportunity to object to the Motion. In addition, the Court allowed the parties to present argument at the Final Approval Hearing and no objections were offered to the proposed fee award.

All of the procedural prerequisites to an award of attorney's fees and expenses have been satisfied, leaving only a determination as to whether the attorney's fees and expenses requested are reasonable. When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (noting the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson* . . . ."); *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) ("Although its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson*

---

[1] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.

factors in establishing a reasonable hourly rate"). Indeed, this approach was applied to a case brought under the WARN Act in the Middle District of Florida. *Noell v. Suncruz Casinos*, No. 8:08-cv-683-T-30TBM, 2009 WL 541329 (M.D. Fla. Mar. 4, 2009). Even considering the factors, the Eleventh Circuit acknowledged that there "is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded" and that "[t]he factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 769, 774-75 (11th Cir. 1991).

The factors in this case warrant an award of fees and expenses, and the Requested Fee negotiated by Plaintiffs and Defendant is reasonable and fair (*see* Dkt. No. 55). The Settlement Agreement provides the Class with most of the relief they could have received had they prevailed on the merits of their claim. The time and labor required to bring this matter to settlement is consistent with the Requested Fee. Plaintiffs' attorneys are part of a small subset of the bar seasoned to handle WARN Act litigation. Time was of the essence in this action, and Class Counsel moved swiftly to bring this case to successful resolution. Class Counsel took this case on a contingency basis with no guarantee of recovery. The Requested Fee is consistent with WARN Act settlements in this district and the results of arm's length negotiations by experienced counsel.

Further, under a percentage-of-the fund, or common fund, award of attorney's fees in the Requested Fee amount of $300,000.00, represents 28.6% of the total common fund ($1,050,000.00) including the Settlement funds reached for the Class. The reasonableness of the Requested Fee is also supported by a "lodestar cross-check," a method by which the party requesting an award works backward from the requested amount to determine the multiplier

8

that would be necessary to reach that amount if the party had instead used a lodestar method to determine the requested fee.  *See Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999); *see, generally, Holman v. Student Loan Xpress, Inc.*, 778 F. Supp. 2d 1306, 1313 n. 8 (M.D. Fla. 2011).  If the resulting multiplier is within the accepted range, it supports the party's contention that its fee request is reasonable.  Class Counsel has provided detailed accounts of the fees and expenses they have already incurred in this action and have shown that they are likely to conclude with a negative lodestar multiplier despite the excellent result achieved for the Class.

No objections have been raised to Plaintiffs' request for fees and expenses.  After review of Plaintiffs' submissions, the Court finds that the requested fees expenses are reasonable and should be paid from the common fund.  Accordingly, Plaintiffs' requested attorney's fees and expenses are reasonable under the unique circumstances of this case.  All of the *Bennett* factors weigh in favor of an award of attorney's fees and expenses in the amount of $300,000.00.  Plaintiffs' Motion for Attorney's Fees and Expenses is GRANTED.

### III.  Dismissal of Claims and Release

After review of the record, including the Complaint and the motions, the Court concludes that, during the course of this action, the parties and their respective counsel have complied at all times with the requirements of Rule 11.

This action, together with all claims asserted in it, is dismissed with prejudice by the Plaintiffs and the other members of the Class against the Defendant. The Parties shall bear their own costs.  Furthermore, the Release submitted by the parties as part of the Agreement of Settlement (Dkt. No. 38) is APPROVED and ADOPTED by the Court.

### IV. Continuing Jurisdiction

The Court retains jurisdiction for purposes of effecting the Settlement, including all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and distribution plan provided in Appendix A.

### V. Conclusion

For the foregoing reasons, Plaintiffs' proposed Class is CERTIFIED. Plaintiffs' Motion for Final Approval is GRANTED. Plaintiffs' Motion for Attorney's Fees and Expenses is GRANTED. The parties' Settlement Agreement and their Plan of Allocation are APPROVED. The Class settlement fund is approved in the amount of $750,000.00. Attorney's fees and expenses are APPROVED in the amount of $300,000.00. All claims in this matter are DISMISSED except as provided above. The Clerk is directed to CLOSE the case.

DONE AND ORDERED in Tampa, Florida, this 10th day of January, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of record